UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY CAMPO GARCIA,

      Petitioner,

v.                       Case No.:  2:26-cv-00989-SPC-DNF

DAVID HARDIN *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Anthony Campo Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Campo Garcia's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Campo Garcia is a native and citizen of Cuba who entered the United States as an unaccompanied child on December 11, 2022.  Customs and Border Patrol apprehended him, issued a notice to appear, and transferred him to the custody of the Office of Refugee Resettlement.  The office released Campo Garcia to a sibling on December 21, 2022.  Campo Garcia filed an application for adjustment of status, and his mother filed a petition for alien relative on his behalf.  Both are pending with U.S. Citizenship and Immigration Services. Campo Garcia has never been charged or convicted of any crime.  On December 3, 2025, a Florida Fish & Wildlife Commission officer arrested Campo Garcia during a traffic stop and handed him over to Immigration and Customs

Enforcement.  Campo Garcia is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

Campo Garcia claims he is entitled to a bond hearing as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* court defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32.  The court found the Department of Homeland Security's policy of categorically denying bond hearings to the class members unlawful, vacated the policy, and entered declaratory judgment in the class's favor.  The parties disagree whether *Maldonado Bautista* has preclusive effect.  But even without *Maldonado Bautista*, the Court finds Campo Garcia entitled to habeas relief.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Campo Garcia.  The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a

2

bond hearing before an immigration judge.  Campo Garcia asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.  The Court has rejected that argument in cases that presented the same issue, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).  The Court's reasons for granting habeas relief in those cases apply equally here.

Like the petitioners in *Hinojosa Garcia* and *Vasquez Carcamo*, Campo Garcia's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Campo Garcia has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

The Court will thus order the respondents to either bring Campo Garcia before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Campo Garcia's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Campo Garcia to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Campo Garcia receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Anthony Campo Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Campo Garcia for an individualized bond hearing before an immigration judge or (2) release Campo Garcia under reasonable conditions of

supervision.  If the respondents release Campo Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5